PREET BHARARA
United States Attorney
Southern District of New York
By:    LI YU
       NATASHA W. TELEANU
       JESSICA JEAN HU
       JACOB LILLYWHITE
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. Nos. (212) 637-2734/2628/2726/2639

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

| | |
|---|---|
| UNITED STATES OF AMERICA, | : **COMPLAINT** |
| | : |
| Plaintiff, | : |
| | : 16 Civ. 7301 (   ) |
| v. | : |
| | : |
| GINSBURG DEVELOPMENT COMPANIES, LLC, | : |
| | : |
| Defendant. | : |

------------------------------------------------------------------------ x

Plaintiff the United States of America (the "United States") alleges as follows:

1.   This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "Fair Housing Act" or the "FHA"), 42 U.S.C. §§ 3601-3619.   As set forth below, the United States alleges that defendant Ginsburg Development Companies, LLC ("GDC"), the developer of several residential apartment complexes including The Riverside and The Parkside complexes in Haverstraw, New York, has unlawfully discriminated against persons with disabilities under the Fair Housing Act by failing to design and construct covered multi-family dwellings so as to be accessible to persons with disabilities.

**Jurisdiction and Venue**

2.   This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and

42 U.S.C. § 3614(a).

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the defendants is resident in this District, because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this District, and because the properties that are the subject of this action are located in this District.

### The Riverside and The Parkside Properties

4.  The Riverside is a residential apartment complex located at 4100 Southernly Pointe Drive in Haverstraw, New York. The Riverside complex contains 106 rental units and has elevator access. The public and common features at The Riverside includes an on-site commuter ferry launch, a gym, an indoor basketball court, swimming pools, and a private party room.

5.  The Parkside is a residential apartment complex located at 2100 Round Pointe Drive in Haverstraw, New York. The Parkside complex contains 110 rental units and has elevator access. The public and common features at The Parkside include on-site access to a commuter ferry, a private cinema for residents and guests, a fitness center and two swimming pools.

6.  The rental units at The Riverside and The Parkside are "dwellings" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

7.  The Riverside and The Parkside were designed and constructed for first occupancy in 2015. The rental units at those complexes are "covered multi-family dwellings" within the meaning of 42 U.S.C. § 3604(f)(7) and 24 C.F.R. § 100.21, and both complexes are subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(a), (c).

### GDC's Construction of Multifamily Dwellings

8.  GDC is a New York business organization with its headquarters at 100 Summit

Lake Drive, Suite 235, in Valhalla, New York.

9. GDC, directly and operating through its subsidiaries and affiliates, is the owner and developer of The Riverside and The Parkside. In that capacity, GDC participated in the design and construction of both rental complexes.

10. GDC also is currently designing and constructing four other rental complexes in Westchester County that are subject to the accessibility requirements of the FHA — (*i*) Harbor Square Crossings, a 188-unit rental complex in Ossining; (*ii*) Saw Mill Lofts, a 66-unit rental complex in Hastings-on- Hudson; (*iii*) River Tides, a 330-unit rental complex in Yonkers; and (*iv*) 1177 Warburton Avenue, a 55-unit rental complex also in Yonkers.

### Inaccessible Features at The Riverside and The Parkside

11. GDC participated in the design and construction of The Parkside and The Riverside rental complexes, which are inaccessible to persons with disabilities.

12. Specifically, The Riverside was designed and constructed with numerous inaccessible conditions that include, but are not limited to, the following:

   a. Route to on-site ferry launch is inaccessible to persons who use wheelchairs due to the need to ascend multiple steps;

   b. Mailboxes mounted too high to accommodate persons who use wheelchairs;

   c. Excessively high balcony thresholds in individual units;

   d. Excessively high thresholds at bedroom entrances in individual units;

   e. Inaccessible location of environmental controls in individual units; and

   f. Kitchens in individual units lack sufficient width to accommodate persons who use wheelchairs.

13. In light of the inaccessible conditions identified in paragraph 12 above, GDC, through its subsidiaries and affiliates, failed to comply with applicable FHA accessible design and construction provisions in designing and constructing The Riverside.

14. Similarly, The Parkside was designed and constructed with numerous inaccessible conditions that include, but are not limited to, the following:

   a. Primary entrance to building is inaccessible to persons who use wheelchairs due to the need to ascend multiple steps,;
   b. Insufficient clear opening width of bathroom doors in individual units;
   c. Insufficient maneuvering space in bathrooms in individual units;
   d. Inaccessible location of thermostats in individual units;
   e. Insufficient width of doorway to the private cinema; and
   f. Insufficient width of doorway to the men's bathroom in the on-site fitness center.

15. In light of the inaccessible conditions identified in paragraph 14 above, GDC, through its subsidiaries and affiliates, failed to comply with applicable FHA accessible design and construction provisions in designing and constructing The Parkside.

**Upon Information and Belief, GDC's Pattern or Practice of FHA Violations Extends to Its Ongoing Constructions**

16. The numerous inaccessible conditions at both The Riverside and The Parkside – two properties recently designed and constructed by GDC – reflect a pattern or practice on GDC's part of disregarding and/or failing to comply with the FHA's accessibility requirements in designing and constructing multi-family dwellings covered by the FHA.

17. As described above, GDC is currently designing and constructing four other rental complexes in Westchester County — Harbor Square Crossings, Saw Mill Lofts, River Tides, , and 1177 Warburton Avenue.   In light of its pattern or practice of disregarding the FHA's

accessibility requirements in The Riverside and The Parkside, GDC may — absent an injunction — design and construct those four rental complexes in violation of the FHA.

### Fair Housing Act Claims

18. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1–17 above.

19. GDC violated 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(c) by failing to design and construct covered multi-family dwellings in such a manner that:

   a. the public use and common use portions of the dwellings are readily accessible to and usable by persons with disabilities;

   b. all doors designed to allow passage into and within the dwellings are sufficiently wide to allow passage by persons who use wheelchairs for mobility; and

   c. all premises within such dwellings contain the following features of adaptive design:

      i) an accessible route into and through the dwelling;

      ii) light switches, electrical outlets, thermostats, and/or other environmental controls in accessible locations; and

      iii) usable kitchens and bathrooms, such that an individual using a wheelchair can maneuver about the space.

20. GDC, through the actions and conduct referred to in the preceding paragraph, has:

   a. Discriminated in the sale or rental of, or otherwise made unavailable or denied, dwellings to buyers or renters because of a disability, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a);

   b. Discriminated against persons in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in

        connection with a dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R. § 100.202(b); and

    c. Failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205.

21. GDC's conduct alleged above constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601–3619; and/or

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601–3619, which raises an issue of general public importance.

22. Persons who may have been the victims of GDC's discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i), and may have suffered injuries as a result of GDC's conduct alleged above.

23. GDC's discriminatory actions and conduct alleged above were intentional, willful, and taken in disregard for the rights of others.

## Prayer for Relief

WHEREFORE, the United States prays that the Court enter an order that:

(1) Declares that GDC's policies and practices, as alleged herein, violate the Fair Housing Act;

(2) Enjoins GDC from designing and/or constructing its current multi-family dwelling projects, including Harbor Square Crossings, Saw Mill Lofts, River Tides, and 1177 Warburton Avenue, in a manner such that they fail to comply with the requirements of the FHA;

(3) Enjoins GDC, including GDC's officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

    a. Failing or refusing to bring the dwelling units and the public use and common use areas at covered multi-family dwellings, that GDC has designed, developed, and constructed into compliance with the FHA;

    b. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, persons harmed by GDC's unlawful practices to the position they would have been in but for the discriminatory conduct;

    c. Designing and/or constructing any covered multi-family dwellings in the present and future that do not comply with requirements of the FHA;

    d. Failing or refusing to conduct a compliance survey at covered multi-family housing complexes that GDC has designed, developed, and constructed to determine whether any retrofits ordered have been made properly;

(4)    Awards appropriate monetary damages, pursuant to 42 U.S.C. § 3614(c)(1) and § 3614(d)(1)(B), to each person harmed by GDC's discriminatory conduct and practices; and

(5)    Assesses a civil penalty against GDC in the maximum amount authorized by 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

                                LORETTA E. LYNCH
                                Attorney General of the United States

By: _____/s/_____
    VANITA GUPTA
    Principal Deputy Assistant Attorney General
    Civil Rights Division

Dated: New York, New York
       September 19, 2016

                                PREET BHARARA
                                United States Attorney

By: _____/s/ Li Yu_____
    LI YU
    NATASHA W. TELEANU
    JESSICA JEAN HU
    JACOB LILLYWHITE
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Tel. (212) 637-2734/2528/2726/2639
    Fax (212) 637-2686
    Li.Yu@usdoj.gov
    Natasha.Teleanu@usdoj.gov
    Jessica.Hu@usdoj.gov
    Jacob.Lillywhite@usa.doj.gov