**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>GINSBURG DEVELOPMENT<br>COMPANIES, LLC,<br><br>　　　　　　Defendant. | 16 Civ. 7301 (NSR)<br><br>**ANSWER** |

　　　　Defendant, Ginsburg Development Companies, LLC (the "Defendant") by its attorneys Ginsburg & Redmond, P.C., answers the complaint (the "Complaint") of plaintiff the United States of America (the "Plaintiff"), upon information and belief, as follows:

　　　　1.　　Denies knowledge or information sufficient to form a belief as to the truth of each each and every allegation contained in paragraph "1" of the Complaint except denies that Defendant has unlawfully discriminated against persons with disabilities under the Fair Housing Act by failing to design and construct multi-family dwellings so as to be accessible to persons with disabilities and refers all questions of law.

　　　　2.　　Denies each and every allegation contained in paragraph "2" of the Complaint and refers all questions of law and jurisdiction to the Court.

　　　　3.　　Denies each and every allegation contained in paragraph "3" of Complaint and refers all questions of law and venue to the Court.

　　　　4.　　Denies each and every allegation contained in paragraph "4" of the Complaint except admits that Riverside is a residential apartment building located at 4100 Southernly Pointe Drive in Haverstraw, New York with 106 rental units and has elevator access and a swimming pool.

　　　　5.　　Denies each and every allegation contained in paragraph "5" of the Complaint except

admits that Parkside is a residential apartment building located at 2100 Round Pointe Drive in Haverstraw, New York with 110 rental units and has elevator access.

6. Paragraph "6" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Paragraph "7" of the Complaint states a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint, except denies that Parkside was constructed for first occupancy in 2015 and admits that Riverside was first occupied in 2015.

8. Denies in the form alleged each and every allegation contained in paragraph "8" of the Complaint and admits that Defendant's headquarters is located at 100 Summit Lake Drive, Suite 235, Valhalla, New York.

9. Denies each and every allegation contained in paragraph "9" of the Complaint.

10. Denies each and every allegation contained in paragraph "10" of the Complaint.

11. Denies each and every allegation contained in paragraph "11" of the Complaint.

12. Denies each and every allegation contained in paragraph "12" of the Complaint.

13. Denies each and every allegation contained in paragraph "13" of the Complaint.

14. Deny each and every allegation contained in paragraph "14" of the Complaint.

15. Denies each and every allegation contained in paragraph "15" of the Complaint.

16. Denies each and every allegation contained in paragraph "16" of the Complaint.

17. Denies each and every allegation contained in paragraph "17" of the Complaint.

18. With respect to paragraph "18" of the Complaint repeats and realleges its answers to paragraphs "1" through "17" of the Complaint, as if set forth fully herein.

19. Denies each and every allegation contained in paragraph "19" of the Complaint.

20. Denies each and every allegation contained in paragraph "20" of the Complaint.

21. Denies each and every allegation contained in paragraph "21" of the Complaint.

22. Denies each and every allegation contained in paragraph "22" of the Complaint.

23. Denies each and every allegation contained in paragraph "23" of the Complaint.

24. The "WHEREFORE" clause of the Complaint does not state any allegations other than requesting relief, to which no response is necessary. To the extent that a response is required, the Defendant denies in the form alleged each and every allegation contained in said "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. If the Plaintiff sustained any damages as alleged in the Complaint, same were wholly caused by the culpable and wrongful conduct, breach of contract, negligence and/or fraud of some other party or persons over whom the Defendant had no control and for whose culpable and wrongful conduct, breach of contract, negligence and/or fraud Defendant was not and is not responsible or liable.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. The Complaint fails to state a claim upon which relief can or should be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the equitable doctrines of waiver, laches and estoppel.

3

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. The claims and damages as alleged in the Complaint, if any, were caused, contributed to, brought about and/or aggravated by superseding and/or intervening causes.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29. Defendant owed no duty to the Plaintiff and on account thereof Plaintiff's claims must be dismissed.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. At all times material hereto, the actions of Defendant were justified under the circumstances and at all times material hereto, Defendant acted in a manner that was proper, reasonable and lawful and in the exercise in good faith.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

31. With respect to some or all of the claims brought or allegedly brought by the Plaintiff, Defendant affirmatively pleads that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law was not willful, but occurred in good faith and with reasonable grounds for believing that it was in compliance with applicable law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

33. Plaintiff has inadequately defined or identified any entity(ies) that it asserts is or are a subsidiary(ies) or affiliate(s) of Defendant and that is or are doing business as part of Defendant, and has failed to assert any facts or claims as to what any such entity(s) has or have done to give rise to

the claims asserted in the Complaint against any or all such entity(ies), and the Complaint is inadequate and insufficient to constitute a valid claim against any or all such entities.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims for monetary damages and to assess a civil penalty are barred in whole, or in part, by the statute of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred by its objectionable procedures used to enforce the design and construction rules of the Fair Housing Act.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

36. The Complaint does not adequately describe or set forth what characteristics of Parkside and/or Riverside and/or any other buildings alleged in the Complaint that violate the Fair Housing Act, and does not set forth facts sufficient to constitute a viable claim against the Defendant.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

37. Plaintiff's assertions in the Complaint that Defendant was designing and constructing other covered buildings in Westchester County, New York and violations of the accessibility provisions of the Fair Housing Act at Parkside and Riverside, as asserted by the Plaintiff in the Complaint, may extend to other covered dwellings, are at most conclusory allegations premised on no factual allegations, whatsoever, and, as such, are insufficient as the legally required premise for Plaintiff's claim for injunctive relief against the Defendant.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

38. Plaintiff's assertions in the Complaint that the asserted violations of the accessibility provisions of the Fair Housing Act constitute a "pattern and practice" by Defendant of violating the Fair Housing Act, are based on no stated facts or factual assertions and are unwarranted conclusory assertions, and as such are insufficient as the legally required premise for Plaintiff's claim for injunctive relief against the Defendant.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

39. Plaintiff's assertions in the Complaint that the Defendant engaged in a "pattern and practice" of violating the Fair Housing Act which was "intentional, willful, and taken in disregard for the rights of others," are inflammatory, based on no stated facts or factual assertions and which are unwarranted conclusory assertions, and as such are insufficient as the legally required premise for Plaintiff's claim for injunctive relief against the Defendant.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

40. Plaintiff's assertions in the Complaint that the Defendant has a legal obligation to reimburse persons who "may have suffered injuries as a result of [the Defendant's] conduct described above" is based on no stated facts or factual assertions and is an unwarranted speculative assertion, and as such is insufficient as the legally required premise for Plaintiff's claim for money damages against the Defendant on behalf of such unknown persons that Plaintiff speculates may exist.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

41. The Defendant has not discriminated against former or present residents of Parkside and Riverside on account of disabilities or for any other reason.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

42. Reasonable accommodations, if necessary, have been promptly offered to prospective and current residents of Parkside and Riverside at all relevant times to the Complaint.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

43. Upon information and belief, there have never been restrictions on access by any existing or prospective resident of Parkside and/or Riverside to any area of the respective buildings.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

44. The actions alleged in the Complaint fail to constitute a pattern or practice of discrimination under 42 U.S.C. § 3614(a).

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

45. Parkside and Riverside were designed and constructed in accordance with the New York State Building and Fire Code (the "Building Code") and local building codes relating to accessibility by persons with disabilities. The Building Code and local building codes incorporate the requirements of the Fair Housing Act, including, without limitation, the design and construction features thereof. Both Parkside and Riverside received certificates of occupancy from the Village of Haverstraw, New York evidencing that the buildings were built in compliance with the Building Code and the local building code. The Defendant's compliance with the Building Code and local building code is, therefore, compliance with the Fair Housing Act.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

46. To the extent that the Defendant has in the past or is currently carrying out the functions of a developer of any other covered dwelling(s), and to the extent any such covered dwelling(s) has, or have, been or will be designed and constructed in compliance with the Building Code and any applicable local building code, such compliance should be deemed to be, and legally is, in compliance with the Fair Housing Act.

7

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

47.     Defendant was improperly joined and is not a proper party defendant in this action.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

48.     Defendant reserves its right to assert such other additional defenses that may become known to it through discovery.

WHEREFORE, defendant Ginsburg Development Companies, LLC demands judgment against plaintiff the United States of America as follows:

A.      Dismissing the Complaint of Plaintiff, the United States of America, with prejudice in its entirety;

B.      Awarding to Defendant Ginsburg Development Companies, LLC such amounts as may be determined by the Court to be fair and just, including, without limitation, the costs, disbursements and attorney's fees of this action together with such other and further relief that this Court deems just, proper and equitable.

Dated: Hawthorne, New York
       April 12, 2017

GINSBURG & REDMOND, P.C.

Mark D. Ginsburg, Esq. (MG 2135)
Steven C. Bagwin, Esq. (SCB 7342)
Attorneys for Ginsburg Development
Companies, LLC
245 Saw Mill River Road
Hawthorne, New York 10532
E-mail Address: mdginsburg@grlawpc.com
E-mail Address: sbagwin@grlawpc.com
Telephone Number: (914) 495-3515
Facsimile Number: (914) 495-3520

To: Li Yu, Esq. (Via ECF)
    Natasha W. Teleanu, Esq. (Via ECF)
    Jessica Jean Hu, Esq. (Via ECF)
    Jacob Lillywhite, Esq. (Via ECF)
    Assistant United States Attorney
    Attorneys for Plaintiff
    80 Chambers Street, 3rd Floor
    New York, New York 10007

*Case No.: 16 Civ. 7301 (NSR)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,

   -against-


GINSBURG DEVELOPMENT COMPANIES, LLC,

                              Defendant.
-----------------------------------------------------------------------X

# ANSWER

**GINSBURG & REDMOND, P.C.**
*ATTORNEYS FOR DEFENDANT*
*245 SAW MILL RIVER ROAD, 2ND FLOOR*
*HAWTHORNE, NEW YORK 10532*
*PHONE: 914-495-3515*

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:                  Signature _____

                         Print Signer's Name _____

Service of a copy of the within                        is hereby admitted.
Dated:   Attorney(s) for
PLEASE TAKE NOTICE

| Notice of Entry | That the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on 20 |
|---|---|
| Notice of Settlement at   on | That an Order of which the within is a true copy will be presented for settlement to the Hon.    one of the judges of the within named court, 20 , at M |